# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 3:19-cr-131** |
| Plaintiff | : | |
| vs. | : | **Thomas M. Rose** |
| **ETHAN KOLLIE** | : | |
| Defendant | : | |

## DEFENDANT'S MEMORANDUM IN SUPPORT FOR REVOCATION OF DETENTION ORDER

Now comes Defendant Ethan Kollie, by and through undersigned counsel pursuant to 18 U.S.C. §3145(b) moving this Honorable Court to revoke the order of detention imposed by Magistrate Judge Newman in Case 3:19-mj-498 on August 15, 2019 (Doc.#14).

## PROCEDURAL HISTORY

Mr. Kollie is a United States citizen who was employed prior to his arrest and detention and who is charged in a criminal complaint with 18 U.S.C. §922(g)(3) and 18 U.S.C. §924(a)(1)(A).

On August 9, 2019, Mr. Kollie made his initial appearance before Magistrate Judge Newman. On August 14 and 15, 2019, Magistrate Judge Newman held a detention hearing and determined that there were no

GOUNARIS ABBOUD
INC., LPA
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

conditions that would reasonably assure the appearance of Mr. Kollie as required in this case and the safety of the community. On August 23, 2019, Mr. Kollie filed an Appeal on the matter of detention. The following serves to support Mr. Kollie's position

## I. The Court Must Consider All Reasonable Alternatives to Detention

### A. The Court's Review of the Detention Order is *De Novo*

Pursuant to 18 U.S.C. §3145(a), this Court has the authority to review a release order issued by a magistrate judge upon motion by either the defense or the government. Also, according to this section, the motion shall be determined promptly. The district judge's review of a magistrate judge's release order *de novo*. *United States v. Clark*, 865 F.2nd 1433, 1437 (4th Cir. 1989); *see also United States v. Tortora*, 922 F.2nd 880, 883 (1st Cir. 1990); *United States v. Delker*, 757 F.2nd 1390, 1392-95 (3rd Cir. 1985).

### B. The Charges in the Complaint Require a Presumption in Favor of Release.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, the Bail Reform Act of 1984 provides that a defendant must be released on their personal recognizance or an unsecured personal bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or

GOUNARIS ABBOUD INC., LPA
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

will endanger the safety of any other person or the community." 18 U.S.C. §3142(b); *accord United States v. Xulum*, 84 F.3d 441, 442 (D.C. Cir. 1996).

Under circumstances in which a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." §3142(c)(1)(B). *see, e.g., United States v. Infelise*, 934 F.2nd 103, 105 (7th Cir. 1991)(holding that under §3142(e) defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a lesser restrictive condition)(Posner, J.). In other words, the Court must consider all reasonable less restrictive alternatives to detention. *See* § 3142(e). Moreover, conditions set upon release are intended to be preventative and not punitive in nature. *United States v. Sal*erno, 481 U.S. 739, 747(1987)(evaluating the legislative history of §3142). In sum, the Bail Reform Act does not modify or limit the presumption of innocence. *See* 18 U.S.C. §3142(j).

To support a finding that the defendant should be detained, the government must show: (1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, §3142(f); or (2) that no condition or combination of

**GOUNARIS ABBOUD INC., LPA**
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

conditions will reasonably assure the appearance of the defendant as required. *United States v. Motamedi*, 767 F.2nd 1403, 1407 (9th Cir. 1985).

In determining whether conditions exist that will reasonably assure the appearance of the defendant as required, the Court should take into account:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including-

(A) The person's character, physical and mental condition, family ties employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

§3142(g).

GOUNARIS ABBOUD
INC., LPA
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

## II. Numerous Factors Weigh Against A Finding that No Combination of Conditions Will Reasonably Assure the Defendant's Appearance

### A. History and Character of the Defendant

Mr. Kollie is a 24-year old who is a life-long resident of the Dayton, Ohio area. Prior to his arrest and incarceration, he was gainfully employed for the past two (2) years. He is in good physical health and is not currently under the care of a physician or requiring the need for any medication. Other than a single misdemeanor conviction six years ago, Mr. Kollie has no criminal convictions.

### B. Nature of the Offense

The Government alleges that Mr. Kollie made a false statement on a firearm application and that he was in possession of a firearm by an unlawful user. Neither offense requires a mandatory prison sentence with a conviction.

### C. Weight of the Evidence

"[T]he weight of the evidence is the *least* important of the various factors" to be considered by the Court in determining whether conditions exist which will reasonably assure the appearance of Mr. Kollie. *Motamedi*, 767 F.2nd at 1408 (emphasis added). The weight of the evidence is the least important factor because Mr. Kollie is presumed to be innocent. *See* 18

GOUNARIS ABBOUD
INC., LPA
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

U.S.C. §3142(j). Moreover, even "evidence of the commission of a serious crime and the fact of the potentially long sentence" alone is insufficient "to support a finding of risk of flight." *United States v. Friedman,* 837 F.2nd 48, 50 (2nd Cir. 1988). Accordingly, the weight of the evidence does not require Mr. Kollie to be detained pending trial.

### III. Pretrial Services Report

The United States Pretrial Services Office conducted an extensive review and evaluation and came to the conclusion that there were conditions that would reasonably assure the safety of the community and assure the appearance of Mr. Kollie.

During the hearing on August 14, 2019, Magistrate Judge Newman had concerns that a residence outside of the Southern District of Ohio was too far away for proper monitoring. A continuance was requested and an additional residence in the Dayton, Ohio area within a few miles away from the Pretrial Services office was provided. The United States Pretrial Services Office vetted and presented the Court with an extensive review of the new residence and did not voice any concern.

WHEREFORE, Mr. Kollie respectfully requests that this Court set this matter for an expedited hearing, as soon as is practicable, to address the bond determination in this matter, and set appropriate conditions for his release.

GOUNARIS ABBOUD
INC., LPA
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

Respectfully submitted,

/s/Nicholas G. Gounaris
**Nicholas G. Gounaris (0064527)**
GOUNARIS ABBOUD CO.
Co-Counsel for Defendant, Ethan Kollie
130 W. Second Street, Suite 2000
Dayton, Ohio 45402
(937) 222-1515
(937) 222-1224 fax
nick@gafirm.com

/s/Antony A. Abboud
**Antony A. Abboud (0078151)**
GOUNARIS ABBOUD CO.
Co-Counsel for Defendant, Ethan Kollie
130 W. Second Street, Suite 2000
Dayton, Ohio 45402
(937) 222-1515
(937) 222-1224 fax
tony@gafirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties of record.

/s/Nicholas G. Gounaris
**Nicholas G. Gounaris (0064527)**

GOUNARIS ABBOUD
INC., LPA
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com

**GOUNARIS ABBOUD INC., LPA**
A Legal Professional Association
130 W. Second St., Ste. 2000
Dayton, Ohio 45402
Office: (937) 222-1515
Facsimile: (937) 222-1224
Website: www.gafirm.com